### DESMOND v. SCHENCK et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1899.)

1. AGENT'S AGREEMENT—EVIDENCE—STATUTE OF FRAUDS.

Evidence that an owner's agent said that he "would see" that a plumber was paid for his work, when a contractor for whom he worked failed to complete his contract, is sufficient to sustain a finding of an assurance by the agent that the owner would pay him, and was not within the statute of frauds.

2. SAME—ACTION TO ENFORCE—EVIDENCE—SUFFICIENCY.

Where a plumber, working for a contractor, sued the owner for his services, on the contractor's failure and the promise of the owner's agent to pay him if he would complete the work, his recovery was not defeated because he had made claim against the contractor for the whole amount due for plumbing.

3. SAME—VERDICT—EVIDENCE—SUFFICIENCY.

Where a plumber, in suing for services, testified that defendant's agent sent word to him that he "would see" that he was paid if he went on with his work, and the agent said only that he did not remember having done so, a verdict for plaintiff is not against the evidence.

Appeal from trial term, Westchester county.

Action by Patrick J. Desmond against Harriet C. Schenck and another, executors of Lucia L. Kearny, deceased. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Reuben Leslie Maynard (Augustus H. Vanderpoel on the brief), for appellants.

W. Popham Platt, for respondent.

WILLARD BARTLETT, J. This suit was brought to recover the value of certain plumbing work done by the plaintiff upon houses belonging to the defendants' testatrix. The plaintiff was originally employed by the contractor who undertook the erection of the houses. This contractor failed to complete the buildings under his contract. After he stopped work, the plaintiff stopped also; and the principal question in this litigation relates to what subsequently occurred in reference to the plumbing between the plaintiff and the agent of the owner of the uncompleted houses. According to the plaintiff, he refused to do any more plumbing work until the agent promised to pay him for it. The agent denied having made any such promise. The trial judge submitted the case to the jury upon the proposition that the plaintiff could recover only by establishing such a promise by the owner's authorized agent in her behalf, independently of the plaintiff's original employment, and charged that, if the owner was liable at all, it was only for work

done by the plaintiff after such promise. No exception was taken to the action of the court in this respect, nor, indeed, do we find that the defendants requested the court to submit the case to the jury on any other theory, or took any exception whatever to the charge.

It is now insisted, however, that the alleged promise, even if made as testified to by the plaintiff, was, at most, not an independent contract to pay the plaintiff if he would go on with his plumbing work, but simply a promise to pay him if the contractor did not, and that hence, being an undertaking to answer for the debt or default of another, and not being in writing, it was void under the statute of frauds. We think the evidence was sufficient to sustain a finding that the message which the plaintiff testified he received from the owner's agent was intended as an assurance that the owner would pay him. A statement from this agent that he "would see" that the plaintiff was paid for his work would naturally mean that payment was to come from the agent's principal, and could hardly have referred to the contractor, who was in default, over whom the owner's agent had no control, and whom he did not assume to represent.

It was proved that the plaintiff made a claim against the contractor for the whole amount due him for plumbing work in the houses. This claim was apparently inconsistent with that made in this action, but not necessarily fatal to it. The plaintiff seems to have preferred to obtain his pay from the contractor if he could have done so, without enforcing the independent promise of the owner, through her agent. While the course which he took was proper to be considered by the jury on the question of his credibility, as it must have been considered under the instructions of the court, it did not preclude them from rendering a verdict in his favor. Nor can we say that the verdict was against the evidence. As the learned trial judge pointed out, the testimony of the owner's agent was not a "clean, positive denial" of having sent word to the plaintiff to complete his work and he would see plaintiff paid. "I don't remember having done so" was what he said, as against the positive assertion of the person by whom the message was conveyed.

As we understand the figures, the jury have allowed the plaintiff the small sum of $1.67 in excess of what he is entitled to recover on any theory of the case. With this deduction, the judgment should be affirmed. All concur.